**MDL 1570 P**LAINTIFFS' E**XECUTIVE** COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Paul J. Hanly, Jr., *Co-Liaison Counsel*<br>HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**<u>Via ECF and Federal Express</u>**

September 14, 2015

The Honorable Frank Maas
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007-1312

   Re: *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (FM)

Dear Judge Maas:

  For all plaintiffs, the Plaintiffs' Executive Committees respectfully request that the Court expedite entry of an order setting the value of fees and expenses imposed against defendant Al Haramain Islamic Foundation, Inc. ("Al Haramain")[1] and renew their request for an order, under Rule 37 of the Federal Rules of Civil Procedure and the Court's inherent powers, imposing sanctions against Al Haramain for its continued willful non-compliance with its discovery obligations. First, at the very time Al Haramain was facing Plaintiffs' initial request to impose sanctions for delaying its production of relevant discoverable documents, Al Haramain was simultaneously knowingly delaying production of additional discoverable documents. Even after the Court's October 28, 2013 decision regarding sanctions, Al Haramain continued to delay production of documents for an additional year and a half. Second, because the withheld documents demonstrate Al Haramain's intention to distribute its remaining assets beyond the Court's jurisdiction and then dissolve, (1) no sanction less than default could possibly suffice and (2) expedited entry of an order setting the value of fees and expenses is essential to avoid Al Haramain from further disrespecting the Court and sidestepping consequences of Al Haramain's wrongdoing. There is no reason to continue to protect a corporation that has expressed its interest in shifting assets to avoid inevitable results of anticipated court orders and then dissolving.

---

[1] *See* Memorandum Decision, Report and Recommendation, entered October 28, 2013 (ECF No. 2789, adopted by the District Court at ECF No. 2851) (granting Plaintiffs' request to impose fees and expenses against Al Haramain.

The Honorable Frank Maas
September 14, 2015
Page 2

In December 2009, Plaintiffs wrote to the Court requesting an order compelling Al Haramain to provide "complete and non-evasive" responses to Plaintiffs' discovery requests or "risk institution of sanctions." ECF No. 2206 (Plaintiffs' December 2, 2009 Letter); *see also* Exhibit A (Plaintiffs' January 5, 2010 Letter). At a discovery conference on October 28, 2010, Your Honor overruled Al Haramain's objections and granted Plaintiffs' motion to compel. *See* ECF No. 2789 at 30. On November 12, 2010, Al Haramain filed objections to the Court's October 28 ruling pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. ECF No. 2384. During a telephone conference on December 2, 2010, Your Honor cautioned Al Haramain that its objections did not stay the Court's order to produce and directed Al Haramain to produce all responsive documents by January 7, 2011. *See* ECF No. 2789 at 30-31.

In January 2013, Plaintiffs moved for sanctions against Al Haramain for its failure to fulfill its discovery obligations. ECF No. 2654-55, 2665-66, 2679-80. In Plaintiffs' motion for sanctions, Plaintiffs contended, *inter alia*, that entry of a default judgment against Al Haramain was warranted due to Al Haramain's willful delinquency in meeting its discovery obligations. *See* ECF No 2789 at 31. Among the multiple examples of Al Haramain's discovery delay tactics addressed in the earlier sanctions motions was Al Haramain's unreasonable delay in making any effort to obtain records from criminal litigation pending against it in Oregon. *See* ECF 2789 at 33.

On October 28, 2013, Your Honor issued a Memorandum Decision, Report and Recommendation (ECF No. 2789), which the District Court later adopted (ECF No. 2851). In your Honor's decision, you observed that, even after Your Honor had specifically ruled that the original Oregon protective order did not restrict the dissemination of materials the Government had seized, Al Haramain continued to delay any effort to produce the documents to Plaintiffs. *See* ECF 2789 at 33.

Among the discovery requests at issue was a request for documents concerning investigations into any Al Haramain entities. *See, e.g.*, Document Request No. 26.[2] On March 6, 2015, Al Haramain produced documents that included communications on behalf of Al Haramain and Soliman al-Buthe with the United Nations ("U.N.") and the U.S. Treasury Department concerning efforts to de-list Al Haramain and al-Buthe from those respective entities' terrorist lists. *See* Exhibit B (March 6, Cover Letter, regarding production of AHIF 4429 to -4518 (documents regarding petition of al-Buthe to U.N.) and -4519 to -4954 (documents regarding Al Haramain's requests to U.N. and U.S. Treasury Office of Foreign Asset Control ("OFAC"))).

Documents in the delayed production revealed that, at the same time that Al Haramain was opposing Plaintiffs' motion asserting that it was intentionally delaying production of responsive discovery documents, Al Haramain's own lawyers were simultaneously engaged in communications regarding U.N. and OFAC investigations of Al Haramain and the resulting documents were not disclosed until March 2015, over a year and a half after the last of the documents became discoverable. *See, e.g.*, Exhibit C (AHIF 4519 to -4536 (August 29, 2013 Petition to U.N. on behalf of Al Haramain,

---

[2] Document Request No. 26 states: "Please produce any records concerning any investigation, inquiry and/or audit by any bank, financial institution, government agency, accountant and/or auditor of the Qu'ran Foundation's and/or Al Haramain USA's and/or Al Haramain Saudi Arabia's and/or Al Haramain Worldwide's financial transactions." Al Haramain identified the documents at issue as being produced in response to this discovery request. *See* Exhibit B.

The Honorable Frank Maas
September 14, 2015
Page 3

_____

with counsel for Al Haramain here listed as among the counsel representing Al Haramain in that submission)).

 Plaintiffs initially called attention to their concern in correspondence to the Court on April 6, 2015, ECF No. 2945 at 5-6, where Plaintiffs expressed concern about Al Haramain's delayed production of documents related principally to Al Haramain's previously undisclosed efforts to secure removal from the U.N. and U.S. sanctions lists, for the stated purpose of allowing its sole director to sell off its remaining assets and formally dissolve the organization. As one of the submissions to the U.N. explains:

> [AHIF-Oregon's sole director, Thomas Nelson, is operating on behalf of AHIF-Oregon] with the ultimate objective of winding down AHIF-Oregon's affairs, distributing its assets . . . and once that is accomplished, dissolving the corporation.

Exhibit C (AHIF 4527 (footnote omitted)).

 The Court will recall that, during a hearing on May 13, 2015, when the Court questioned counsel for Al Haramain in response to the April 6, 2015 letter, counsel for Al Haramain was given no less than three opportunities to explain the delayed document production, but provided no explanation. Instead of offering any reasonable explanation as to why the production had been delayed, counsel offered entirely non-responsive answers on each of the three occasions.

> MR. CARTER: The last issue, your Honor, that we had raised was we're still a bit troubled by the timing of the production by Al Haramain USA of the collection of documents relating to its efforts to persuade the United Nations and the U.S. to lift the sanctions that have been imposed upon Al Haramain USA for the stated purpose of allowing the remaining director to dissolve the entity and disburse its remaining assets.
>
> I think the timing of the production troubles us based on the track record with the defendant, along with the fact that the Court is presently in the process of considering a fee application that would result in the imposition of monetary sanctions.
>
> Obviously the disbursement of the remaining assets would remove from our reach assets that we might otherwise pursue in satisfaction of either a fee award or with respect to the default judgment that's previously been issued as to the parent organization in Saudi Arabia.
>
> THE COURT: Presumably the default judgment would dwarf anything that you might gain by way of legal fees.
>
> MR. KABAT: Your Honor, may I briefly speak to that?
>
> THE COURT: Please.

_____

### [OPPORTUNITY TO EXPLAIN #1]

MR. KABAT:  We represent all the defendants who plaintiff alleged have not produced anything.

One group of them, the current and former officers of the Muslim World League and the International Islamic Relief Organization do not have personal control and custody of the MWL or the IIRO documents.  Instead, what has happened, the Muslim World League and the IIRO have produced some 345,000 pages of documents which essentially are the documents that plaintiff requested from the individual officers of those entities.  So it would be pointless for our firm to have to go through the 345,000 documents that the other firm has produced and say, Okay, this one is responsive for Dr. Al-Turki, this one is responsive for Dr. Naseef.

THE COURT:  All of that is interesting, but I'm not sure it responds to the point that Mr. Carter was making with respect to Al Haramain.

\*\*\*

THE COURT:  Let me revert back to Mr. Carter.  Tell us again what it is you're seeking and why.

MR. CARTER:  Your Honor, I take it at this point we are simply requesting an explanation as to why this particular group of Al Haramain USA documents that relates specifically to efforts to obtain the removal of sanctions against it were not produced in a timely manner and were instead held and produced even after the document production deadline.

\*\*\*

### [OPPORTUNITY TO EXPLAIN #2]

MR. KABAT:  I think there are two separate issues.  First of all, we did put in some documents they teared up.  We then went back and looked at our earlier production and realized we had not supplemented that to the court filings in the [Oregon] case.

And the other issue that they have raised is that the two individual officers of Al Haramain and [Oregon], what we did was all the documents that Al Haramain produced are essentially those that the individual officers would have produced if they had had access to those documents.  So that's why the two individual officers are not producing anything further themselves beyond what Al Haramain itself has produced.  So as far as we're concerned, there is really no further issue as to the Al Haramain defendants.

THE COURT:  Were you able to hear that?

>MR. CARTER:  I was able to hear it, your Honor, but unfortunately I still don't think we have an answer to the specific question as to why documents, some of which involve communication from Mr. Kabat's firm relating to the delisting request, weren't produced in a timely manner.
>
>. . .
>
>THE COURT:  He's asking why in particular documents relating to the effort to have Al Haramain delisted were not produced timely, fearing that it may prejudice the plaintiffs' ability to say that Al Haramain should not be de-designated because that might enable Al Haramain to disburse its remaining funds to the prejudice of the plaintiffs.

**[OPPORTUNITY TO EXPLAIN #3]**

>MR. KABAT:  Al Haramain has been defunct for almost 12 years.  It did not have access to the funds OFAC has . . . .

*See* Exhibit D (May 13, 2015 Discovery Hearing Transcript at 20-24).

Because Al Haramain continued to engage in willful delinquency, even long after this Court had ordered it to complete its production and had specifically addressed Al Haramain's obligations to engage in discovery without delay, Plaintiffs request that the Court revisit the October 28, 2013 decision not to impose sanctions on Al Haramain "at *th[at]* time" (ECF No. 2789 at 40, emphasis added) and impose strong sanctions – namely, default – now that Al Haramain has demonstrated a repeated willingness to violate its discovery obligations and an intention of avoiding all obligations by dispensing of its assets and dissolving.  The severe sanction of default is warranted and necessary because Al Haramain's willful violation occurred in the face of the Court's earlier considerations to sanction the entity – for just this kind of discovery delay conduct – and because the organization has expressed its intention to place its assets out of the Court's reach and dissolve.  *See Southern New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 146-148 (2d Cir. 2010) (upholding district court sanction entering default against defendants for failing to comply with court order to produce relevant documents after noting that the defendants failed to comply with discovery orders, "willfully lied about the existence and whereabouts of certain documents," and "failed to provide a good-faith explanation for their neglect in producing financial documents that clearly were the subject of the court's discovery orders)"; *Trans World Airlines, Inc. v. Hughes*, 332 F.2d 602, 615 (2d Cir. 1964) (upholding sanction entering default against defendants for willfully failing to comply with various discovery orders and noting this was "particularly intolerable in a large and complex litigation such as this one"); *Altschuler v. Samsonite Corp.*, 109 FR.D.353, 357-58 (E.D.N.Y. 1986) (entering default judgment where the defendant presented no justifiable excuse for his failure to obey the court's order).

**Conclusion**

For the reasons set forth above and well as in Plaintiffs' previous application, Plaintiffs' request for expedited entry of an order setting the value of fees and expenses imposed against

_____

defendant Al Haramain (related to ECF No. 2789, adopted at ECF No. 2851) and their renewed motion for sanctions should be granted, default judgment should be ordered, additional expenses and attorneys' fees should be directed, along with such other sanctions as this Court deems appropriate.

                                                                       Respectfully submitted,

                                                                       */s Robert T. Haefele*
                                                                       ROBERT T. HAEFELE
                                                                       For the THE MDL 1570 PLAINTIFFS'
                                                                       EXECUTIVE COMMITTEES

cc:      Alan Kabat, Esq. (Via ECF and Federal Express - Overnight)
          The Honorable George B. Daniels, U.S.D.J. (Via Federal Express - Overnight)
          All counsel – Via ECF