```
                                                                 1
     F5DVTERC
1    UNITED STATES DISTRICT COURT
1    SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x
2
3    IN RE:  TERRORIST ATTACKS
3    ON SEPTEMBER 11, 2001,                  03 MDL 1570 (GBD)(FM)
4
4    ------------------------------x
5
5
6                                            New York, N.Y.
6                                            May 13, 2015
7                                            10:15 a.m.
7
8    Before:
8
9                          HON. FRANK MAAS,
9
10                                           Magistrate Judge
10
11
12
13                            APPEARANCES
14
14   For Plaintiffs:
15
15   KREINDLER & KREINDLER
16   BY:   JAMES P. KREINDLER
16         ANDREW J. MALONEY
17
17   ANDERSON KILL
18   BY:   JERRY S. GOLDMAN
18         BRUCE STRONG
19
19   MOTLEY RICE
20   BY:   ROBERT T. HAEFELE
20
21   COZEN O'CONNOR
21   BY:   SEAN P. CARTER
22
23
24
25
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                    2
     F5DVTERC
 1                        APPEARANCES (continued)
 2
 2   For Defendants:
 3
 3
 4   BERNABEI & WACHTEL
 4   BY:  ALAN R. KABAT
 5
 5   SALERNO & ROTHSTEIN
 6   BY:  PETER C. SALERNO
 6        AMY ROTHSTEIN
 7
 7   LAW OFFICE OF OMAR T. MOHAMMEDI
 8   BY:  OMAR T. MOHAMMEDI
 8
 9   MARTIN F. McMAHON & ASSOCIATES
 9   BY:  MARTIN F. McMAHON
10
10   LAW OFFICES OF CHRISTOPHER MANNING
11   BY:  CHRISTOPHER MANNING
11
12   MOLO LAMKEN
12   BY:  ROBERT K. KRY
13
13   CLIFFORD CHANCE
14   BY:  STEVEN COTTREAU
14        RONI E. BERGOFFEN
15
15   LEWIS BAACH
16   BY:  AISHA E. HENRY
16        WALEED NASSAR
17
17   GOETZ & ECKLAND
18   BY:  FREDERICK J. GOETZ
18
19
20
21
22
23
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                     20
     F5DVTERC
 1              THE COURT:  Okay.
 2              Anything else on the plaintiffs' side?
 3              MR. CARTER:  The last issue, your Honor, that we had
 4   raised was we're still a bit troubled by the timing of the
 5   production by Al Haramain USA of the collection of documents
 6   relating to its efforts to persuade the United Nations and the
 7   U.S. to lift the sanctions that have been imposed upon Al
 8   Haramain USA for the stated purpose of allowing the remaining
 9   director to dissolve the entity and disburse its remaining
10   assets.
11              I think the timing of the production troubles us based
12   on the track record with the defendant, along with the fact
13   that the Court is presently in the process of considering a fee
14   application that would result in the imposition of monetary
15   sanctions.
16              Obviously the disbursement of the remaining assets
17   would remove from our reach assets that we might otherwise
18   pursue in satisfaction of either a fee award or with respect to
19   the default judgment that's previously been issued as to the
20   parent organization in Saudi Arabia.
21              THE COURT:  Presumably the default judgment would
22   dwarf anything that you might gain by way of legal fees.
23              MR. KABAT:  Your Honor, may I briefly speak to that?
24              THE COURT:  Please.
25              MR. KABAT:  We represent all the defendants who
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                   21
        F5DVTERC
 1   plaintiff alleged have not produced anything.
 2             One group of them, the current and former officers of
 3   the Muslim World League and the International Islamic Relief
 4   Organization do not have personal control and custody of the
 5   MWL or the IIRO documents.  Instead, what has happened, the
 6   Muslim World League and the IIRO have produced some 345,000
 7   pages of documents which essentially are the documents that
 8   plaintiff requested from the individual officers of those
 9   entities.  So it would be pointless for our firm to have to go
10   through the 345,000 documents that the other firm has produced
11   and say, Okay, this one is responsive for Dr. Al-Turki, this
12   one is responsive for Dr. Naseef.
13             THE COURT:  All of that is interesting, but I'm not
14   sure it responds to the point that Mr. Carter was making with
15   respect to Al Haramain.  He doesn't want to see money walk out
16   the door, and I'm not sure --
17             MR. KABAT:  I'm sorry, your Honor.  I didn't hear
18   Mr. Carter say -- I know he talked about the other group of
19   defendants they were complaining about.
20             THE COURT:  Let me revert back to Mr. Carter.
21             Tell us again what it is you're seeking and why.
22             MR. CARTER:  Your Honor, I take it at this point we
23   are simply requesting an explanation as to why this particular
24   groups of Al Haramain USA documents that relates specifically
25   to efforts to obtain the removal of sanctions against it were
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                      22
        F5DVTERC
 1   not produced in a timely manner and were instead held and
 2   produced even after the document production deadline.
 3            THE COURT:  But you did receive those documents now?
 4            MR. CARTER:  We did receive them; but your Honor had
 5   previously dealt with a range of motions about Al Haramain not
 6   producing documents in a timely manner.  So we've been down
 7   this road before.
 8            And given the subject matter of the documents that
 9   were produced belatedly, we unfortunately could see a reason
10   why Al Haramain USA might have an incentive not to have
11   produced this earlier, because, candidly, it likely would have
12   resulted in efforts on our part to reach out to the U.N. and
13   the U.S. to explain that the removal of sanctions could have
14   adverse consequences to the rights and litigation interests of
15   the 9/11 victims.
16            MR. KABAT:  I think there are two separate issues.
17            First of all, we did put in some documents they teared
18   up.  We then went back and looked at our earlier production and
19   realized we had not supplemented that to the court filings in
20   the Organ case.
21            And the other issue that they have raised is that the
22   two individual officers of Al Haramain and Organ, what we did
23   was all the documents that Al Haramain produced are essentially
24   those that the individual officers would have produced if they
25   had had access to those documents.  So that's why the two
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                 (212) 805-0300
```

```
                                                               23
     F5DVTERC
 1   individual officers are not producing anything further
 2   themselves beyond what Al Haramain itself has produced.  So as
 3   far as we're concerned, there is really no further issue as to
 4   the Al Haramain defendants.
 5            THE COURT:  Were you able to hear that?
 6            MR. CARTER:  I was able to hear it, your Honor, but
 7   unfortunately I still don't think we have an answer to the
 8   specific question as to why documents, some of which involve
 9   communication from Mr. Kabat's firm relating to the delisting
10   request, weren't produced in a timely manner.
11            MR. KABAT:  I'm sorry, I didn't quite get that.
12            THE COURT:  He's asking why in particular documents
13   relating to the effort to have Al Haramain delisted were not
14   produced timely, fearing that it may prejudice the plaintiffs'
15   ability to say that Al Haramain should not be de-designated
16   because that might enable Al Haramain to disburse its remaining
17   funds to the prejudice of the plaintiffs.
18            MR. KABAT:  Al Haramain has been defunct for almost 12
19   years.  It did not have access to the funds OFAC has, the
20   Office of --
21            THE COURT:  Let me just interrupt you for a second.
22            How much money are we talking about roughly?
23            MR. KABAT:  I believe it's less than a quarter
24   million.
25            THE COURT:  Okay.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                24
     F5DVTERC
 1              MR. KABAT:  Also, with the caveat that we have several
 2   times asked OFAC for an accounting, we've never gotten one.
 3              But we do not have control of those funds; OFAC does.
 4              THE COURT:  I understand your concern, Mr. Carter.
 5   But since you have the documents now, and presumably have your
 6   remedies with respect to the U.S. Government, I'm not sure what
 7   else I can usefully pursue with Mr. Kabat with respect to this
 8   issue.
 9              MR. CARTER:  Your Honor, it may be an issue we wish to
10   raise with reference to some of the prior court orders about
11   the timeliness of productions and what your Honor expected of
12   them.  So we're content to defer it.
13              THE COURT:  Okay.
14              Anything else on the plaintiffs' side?
15              MR. CARTER:  No, your Honor.
16              MR. GOLDMAN:  No, your Honor.
17              MR. MALONEY:  No, your Honor.
18              THE COURT:  Anything on the defendants' side?
19              MR. SALERNO:  Your Honor, just a matter that's
20   completely nonsubstantive.  But I was wondering if your Honor
21   would consider entering a blanket order in this case allowing
22   counsel to bring tablets and laptops into these hearings.  It
23   would be a great convenience, and the rules are a little
24   cumbersome.
25              THE COURT:  I would consider it.  The only problem is
                      SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```